(No. 89-CC-0764-■■■■■)

WILLIAM R. HAZARD, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 30, 1989.*

*Order on petition for rehearing filed May 9, 1990.*

CALDWELL, BERNER & CALDWELL (JEFFREY A. ROUHANDEH, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice

having been given the parties hereto, and the Court being fully advised in the premises:

The court finds that the Claimant is seeking recovery for a breach of an oral agreement between Claimant, William Hazard, and the Illinois State Board of Education. On or about the first week of February 1, 1986, McHenry County Region Reorganization Committee, through its agent, Dixie O'Hara, Regional Superintendent of Schools, solicited a proposal from the Claimant to conduct research concerning two reorganization studies of certain school districts in McHenry County. Claimant agreed to perform said studies and submitted a proposal on March 6, 1986, to Dixie O'Hara. On March 6, 1986, McHenry County Reorganization Committee through its agent Dixie O'Hara instructed Claimant to begin work on said reorganization studies.

McHenry County Reorganization Committee is not a part of the Illinois State Board of Education. McHenry County Reorganization Committee was created by section 3 of the 1985 School District Reorganization Act (Ill. Rev. Stat. 1987, ch. 122, par. 1502—3), and charged with the responsibility of developing a plan to reorganize the McHenry County Region's school districts. Each educational service region had the responsibility of creating a reorganization committee and therefore the McHenry County Region Reorganization Committee is the agent for McHenry Educational Service Region as stated in section 3(a). "Within 60 days of the effective date of this act, each educational service region of the State with a population of 1,000,000 or fewer inhabitants shall create a committee for the reorganization of school districts consisting of not less than 7 public members and the regional superintendent of schools." Ill. Rev. Stat. 1987, ch. 122, par. 1502—3a.

There is a regional board of school trustees for that territory in each educational service region exclusive of any school district organized under Article 34 and exclusive of any school district whose school board has been given the powers of school trustees. (Ill. Rev. Stat. 1987, ch. 122, par. 6—2.) Since McHenry County Reorganization Committee was created by McHenry Educational Service Region it is therefore its agent. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—3.) McHenry Educational Service Region is managed by the regional board of school trustees, a body politic which has the perpetual existence to sue or be sued. Ill. Rev. Stat. 1987, ch. 122, par. 6—2.

McHenry County Reorganization Committee contracted with Claimant to pay him for his services when he completed his research. The State Board of Education or the State of Illinois is not a party to the contract between McHenry County Reorganization Committee and the Claimant. Claimant's contract action, if any, is against the Regional Board of School Trustees of McHenry County, Illinois, since it is the body politic which governs the educational service region and has the power to sue or be sued.

The Illinois School Board of Education is designated as the State Committee which generally sets up rules that the Reorganization Committee must follow and also distributes funds to the local committees to offset the costs of reorganization studies. (Ill. Rev. Stat. 1987, ch. 122, par. 1502—5.) The McHenry County Region Reorganization Committee had the authority to use the money allocated from the State for committee member expenses, stenographic expenses, as well as other reasonable expenses incurred by the reorganization committees. (23 Ill. Adm. Code Subtitle A,

550.300(b)(1).) The State committee has no principal-agent relationship with the negotiations between a reorganization committee and a third party who contracted to provide services to the reorganization committee in order to complete its own study. There is also no principal-agent relationship between the State of Illinois and the reorganization committee or the State of Illinois and McHenry Educational Service Region.

Wherefore, it is hereby ordered that the claim of the Claimant is dismissed with prejudice.

## ORDER ON PETITION FOR REHEARING

RAUCCI, J.

This cause coming on to be heard on Claimant's petition for rehearing, it is ordered that the petition for rehearing is denied.